FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 26, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RANEE G.,[1]

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

No. 1:24-cv-3062-EFS

**ORDER REVERSING THE ALJ'S DENIAL OF BENEFITS, AND REMANDING FOR MORE PROCEEDINGS**

Plaintiff Ranee G. and the Commissioner of Social Security agree the Administrative Law Judge (ALJ) erred in denying Title II benefits. But the parties disagree as to whether the decision should be

[1] For privacy reasons, Plaintiff is referred to by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

remanded for further proceedings or for an award of benefits. Because further proceedings will serve a useful purpose and disability is uncertain on this record, the Court remands this case for further proceedings.

## I. Background

Plaintiff filed her Title 2 application for benefits in March 2021, alleging disability beginning January 1, 2016, due to myofascial pain syndrome (MPS).[2] Plaintiff appeared for a hearing before ALJ Denise Martin in August 2023, at which Plaintiff and a vocational expert testified.[3] Plaintiff testified that pain in her shoulders and neck from MPS limited her to performing up to thirty minutes of any activity at a time even when sitting, after which she would have to lie down for thirty minutes to one hour and not use her arms.[4] She could do activities requiring use of her arms and turning her head for a

---

[2] Administrative Record (AR) 173–76, 222.

[3] AR 33–51.

[4] AR 36–38, 40–42.

cumulative three hours in one day.[5] If she exerted herself too much then her muscle soreness and pain would continue to the next day when she could not do anything.[6] She could lift ten to twenty pounds but her muscles would spasm if she lifted repeatedly.[7] She regularly took ibuprofen and muscle relaxers, which made her extremely drowsy, and took hydrocodone when she had extreme flareups of pain every couple of months.[8]

The ALJ issued a decision finding Plaintiff not disabled.[9] The ALJ found Plaintiff's alleged symptoms were inconsistent with the medical evidence and other evidence.[10] As to the medical opinions, the ALJ found:

---

[5] AR 38.

[6] AR 38–39.

[7] AR 39.

[8] AR 39–40.

[9] AR 16–27. Per 20 C.F.R. § 404.1520(a)–(g), a five-step evaluation determines whether a claimant is disabled.

[10] AR 23.

- the medical opinions of Elizabeth Gresch, MD, Lance Brigham, MD, and Peter Mohai, MD not persuasive, given a job description for Plaintiff's former dental hygienist job.
- the treating opinions of Daniel Brzusek, DO, and Erin See, ARNP, not persuasive.
- the examining opinions of Duan Frazier, PA-C, and David Bullock, PT, not persuasive.
- the examining opinions of Daniel Fife, MD, and Marquetta Washington, ARNP, somewhat persuasive.
- the reviewing opinions of the State medical consultants somewhat persuasive.[11]

As to the sequential disability analysis, the ALJ found:

- Plaintiff met the insured status requirements through September 30, 2021.
- Step one: Plaintiff had not engaged in substantial gainful activity since January 1, 2016, the alleged onset date, through her date last insured of September 30, 2021.

---

[11] AR 24–25.

- Step two: Plaintiff had the medically determinable severe impairment of MPS.
- Step three: Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.
- RFC: Plaintiff had the RFC to perform light work, except she could never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; frequently reach and handle; and occasionally rotate her neck.
- Step four: Plaintiff could not perform past relevant work.
- Step five: considering Plaintiff's RFC, age, education, and work history, Plaintiff could perform work that existed in significant numbers in the national economy, such as mail clerk, routing clerk, or counter clerk.[12]

---

[12] AR 21–27.

Plaintiff timely requested review of the ALJ's decision by the Appeals Council, which denied review.[13] Plaintiff now appeals to district court.[14]

## II. Standard of Review

When considering the ALJ's findings, the court is constrained to the reasons and supporting explanation offered by the ALJ.[15] The ALJ's decision is reversed "only if it is not supported by substantial evidence or is based on legal error"[16] and such error impacted the nondisability determination.[17] Substantial evidence is "more than a

---

[13] AR 3.

[14] ECF No. 1.

[15] *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

[16] *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). *See* 42 U.S.C. § 405(g).

[17] *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a) (recognizing that the court may not reverse an ALJ decision due to a harmless error—one that "is inconsequential to the ultimate nondisability determination").

mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[18]

## III. Analysis

Plaintiff argues, and the Commissioner concedes, that the ALJ committed several errors when evaluating the medical opinions. The ALJ discounted the opinions of Dr. Brzusek, PA Frazier, PA See, and Mr. Bullock based on benign imaging results and a lack of serious motor deficits, but MPS may exist along with normal imaging and MPS

---

[18] *Hill*, 698 F.3d at 1159 (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (The court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion," not simply the evidence cited by the ALJ or the parties.) (cleaned up); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]").

is not assessed based on strength or gait.[19] The ALJ credited NP Washington's opinion based on her "treatment notes" but NP Washington was only an examining source, and the ALJ did not address whether NP Washington's exam was adequate to find evidence of MPS.[20] Also, the ALJ appeared to erroneously consider functional descriptions of a dental hygienist position to be medical opinions.[21]

The sole issue then is whether this case should be remanded for further proceedings or for an award of benefits. When a harmful error

---

[19] *See* AR 24; AR 341–43 (Dr. Brzusek explaining MPS diagnosis); *Ortiz v. Bisignano*, 179 F.4th 691, 699 (9th Cir. 2026) ("Normal results of strength, gait, and range of motion tests, without more, do not contradict diagnoses based on pain where the results do not indicate whether the test accounted for the relevant pain."); *Myofascial pain syndrome*, https://www.mayoclinic.org/diseases-conditions/myofascial-pain-syndrome/symptoms-causes/syc-20375444 (last visited August 17, 2026).

[20] *See* AR 25, 380–86.

[21] *See* AR 24, 591–95.

occurs in the administrative proceeding, remand for further administrative proceedings is the usual course.[22] However, the court may remand for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand . . . .[23]

When these three elements are satisfied, the decision whether to remand for benefits or further proceedings is within the court's discretion, as it "is a fact-bound determination that arises in an infinite variety of contexts."[24]

Here, while the record has been fully developed through the insured period ending September 30, 2021, further administrative proceedings are necessary, and the record leaves the disability

---

[22] *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

[23] *Ortiz*, 179 F.4th at 706.

[24] *Treichler*, 775 F.3d at 1100 (citation modified).

determination uncertain. The ALJ on remand needs to reevaluate the medical opinions considering that MPS is a long-term pain condition of the muscle fascia that may be present along with benign imaging and normal strength and motor tests. The ALJ must consider whether the physical examinations accounted for pain.[25] These further analyses are necessary for a proper disability determination because disability during the insured period is otherwise not clearly established.[26]

---

[25] *See Ortiz*, 179 F.4th at 699 ("[P]ain may be a 'non-exertional limitation' on one's capacity for work distinct from exertional limitations on weightlifting, standing, walking, etc."); *id.* at 700 ("Because the results of the gait, strength, and range of motion tests relied upon by the ALJ to find an inconsistency did not account for Ortiz's relevant pain, the ALJ erred by relying on that evidence to reject Dr. Shute's opinion.").

[26] *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2018); *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

## IV. Conclusion

As the parties agree, the ALJ consequentially erred in evaluating the medical opinions. Currently, however, it is not clear that Plaintiff is disabled. The ALJ is to develop the record and reevaluate—with meaningful articulation and evidentiary support—the sequential process. When evaluating the medical opinions, the ALJ is to consider that "[n]ormal results of strength, gait, and range of motion tests, without more, do not contradict diagnoses based on pain where the results do not indicate whether the test accounted for the relevant pain."[27]

Accordingly, **IT IS HEREBY ORDERED**:

1. The ALJ's nondisability decision is **REVERSED, and this matter is REMANDED to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g)**.

---

[27] *Ortiz*, 179 F.4th at 699.

2. The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 7 and 13**, enter **JUDGMENT** in favor of **Plaintiff**, and **CLOSE** the case.

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

DATED this 26th day of August 2026.

Edward F. Shea

EDWARD F. SHEA
Senior United States District Judge